## PEEPLES *et al. v.* CAVENDER *et al.*

1. Under the ruling made in the case of *Conley* v. *Buck*, 100 *Ga.* 187 (1), the demurrer to the petition in the present case was properly overruled.
2. The provisions of section 5536 of the Civil Code authorizing a defendant in error, upon application to the judge who signed the bill of exceptions, to have transmitted to this court any parts of the record material to a clear understanding of the errors complained of in the bill of exceptions of the plaintiff in error, and which are not therein specified, do not authorize the granting of an order by the judge, upon application of the defendant in error, directing the clerk to transmit to this court, for the purpose of having error assigned thereon, exceptions pendente lite filed by the defendant in error in the court below. Where, however, the plaintiff in error specifies and has brought to this court a bill of exceptions pendente lite filed by his adversary, it is permissible for the defendant in error to assign error on such bill of exceptions in this court.

Submitted June 5,—Decided July 26, 1899.

Equitable petition. Before Judge Fite. Whitfield superior court. April term, 1899.

The original petition was against Thomas J. Peeples, his wife Martha J., and Thomas N. Peeples, Minnie Keith, John S. Patterson, William Spruill, the Manly Manufacturing Company, and Sim Watts. It alleged, in substance : The petitioners, together with Thomas J. Peeples, signed as sureties a bond executed by C. C. Bemis as principal, for the payment of the eventual condemnation-money in a case brought against the Peeples Grocery Company, C. C. Bemis, and D. M. Peeples, by certain creditors of the company, the bond being given for the purpose of dissolving an injunction and of having restored to the possession of Bemis certain property which had been taken possession of by a receiver in that case. The petitioners did this at the solicitation of Thomas J. Peeples, and upon the faith of his representations to them, made to induce them to sign the bond, that he was worth $25,000 and owed nothing and was able to meet any judgment that might be rendered in the case, and upon his executing and delivering to each of them a writing obligating himself to indemnify the surety to whom it was given against loss, damage, and expense as surety upon the bond. The injunction was thereupon dissolved, the receiver dismissed, and the property in question (a stock of goods valued at about $12,500) restored to the possession of Bemis. Subsequently a judgment in the case referred to was rendered against Bemis, and against the petitioners and Thomas J. Peeples as sureties, for $25,000 or thereabout, and petitioners applied to Thomas J. Peeples to redeem his promise to them, but he stated that he had nothing and could not pay anything. Petitioners charge that he has fraudulently combined with persons hereinafter named, for the purpose of secreting his property and putting it beyond reach of the process of the court. Shortly before judgment was rendered he had a debt against John S. Patterson and William Spruill for about $6,000, of which he collected $5,000, agreeing with them to knock off five or six hundred dollars, surrendering his lien upon a farm, and taking their personal obligation for $1,000, which is still unpaid. He was in possession of two farms in Murray county, one worth from four to six thousand dollars and the other from one to two thousand dollars, and in possession of certain real-

estate in the city of Dalton, described, worth $4,300 or more.
He also claimed to have large amounts of money, claiming
that his brother, W. O. Peeples, had paid him eleven to twelve
thousand dollars just before the filing of the petition in the case
in which the judgment referred to was obtained; and besides this,
stock, farming utensils, etc.   Petitioners effected an arrange-
ment with the creditors of Bemis, whereby, in consideration of
$16,000, of which $10,000 was paid down and the remainder was
to be paid in monthly instalments of $1,000 each, said judg-
ment was to be transferred to them; and for the purpose of
reimbursing themselves for the amount paid out, they had said
real estate in the city of Dalton levied upon, under the judg-
ment; and claims in forma pauperis to the property levied on
have been filed by the wife of said Thomas J. Peeples, his son
Thomas N. Peeples, and his daughter Minnie Keith.    The
property described as in Murray county is claimed and returned
for taxation by his wife, and up to the present year it was
claimed and returned for taxation by himself.   Petitioners are
unable to state what sort of papers, if any, his wife and son
have, but they find on record a deed from him to his daughter
Minnie Keith, purporting to have been made on a date which
was only twelve days prior to the final judgment in the suit
referred to, but which, petitioners charge, was antedated and
not made until after the rendition of the judgment.   Peti-
tioners charge that this deed was without consideration and
fraudulent, and was made to delay the satisfaction of this
judgment; and that these facts were known to the grantee; and
the same charge is made as to whatever conveyances were
made by him to his wife and son.

Petitioners charge that he has a large amount of money
hidden away where it can not be found; that the debt of Pat-
terson and Spruill is still his property, though petitioners are
informed that his son-in-law, Sim Watts, claims to own it; that
the Manly Manufacturing Company is indebted to him $1,000,
besides interest; and that such transfers as may have been
made by him of the indebtedness mentioned were fraudulent
and made for the purpose of avoiding payment of said judg-
ment.   The farms in Murray county are worth a good sum for

rent each year, and so long as his wife can hold the property under claims filed in forma pauperis, the petitioners will be remediless as to the rents obtained by her from it. All the property of C. C. Bemis available for the purpose of paying said judgment will not exceed $5,000, leaving petitioners out some ten or eleven thousand dollars, besides interest, to recover which they will have no adequate remedy at law; for if the land claimed as aforesaid should be found subject and it should be found that the claims were interposed for delay only, the judgments against the claimants would be worthless; and all the property of said Peeples that can be reached would not more than pay the amount petitioners have paid out, if so much. Waiving discovery, petitioners prayed that the defendants be enjoined from disposing of any of the property referred to; that the Manly Manufacturing Company and Patterson and Spruill be restrained from paying said debts to Thomas J. Peeples or to any one claiming under him, and be required to pay them to a receiver to be appointed by the court; that the conveyances referred to be set aside and decreed to be void, and the title to the property be decreed to be in Thomas J. Peeples; and that said property, as well as all other property of said Peeples that may be discovered, be taken charge of by a receiver; and that all or so much of it as may be necessary be sold to reimburse petitioners for the moneys they have paid out or may hereafter pay out for said Peeples, including counsel fees, because of his bad faith and the unnecessary trouble given petitioners in asserting their rights; also for general relief, and for process. By amendment, S. C. Peeples and Sam Peeples were added as parties defendant, it being alleged that the former was a brother and the latter a cousin of Thomas J. Peeples, and that he had transferred certain of his property to them fraudulently, after the rendition of the judgment referred to, and with the knowledge on their part that the transfer was made for the purpose of placing the property beyond the reach of the petitioners. It is also alleged that all the defendants are in combination and conspiracy, acting in concert, and getting the property out of the hands of Thomas J. Peeples for the purpose of defrauding petitioners; that they are all mem-

bers of his family, and got what they claim without considera-
tion and acting together for the purpose of so defrauding.

The petition was demurred to on the grounds: (1) There is
an adequate remedy at law; (2) no cause of action is set out;
(3) there is no equity in the petition; (4) there is a misjoinder
of parties defendant; (5) the petition is multifarious in join-
ing several distinct and separate causes of action and several
distinct subject-matters, totally disconnected, and in joining
defendants where no community of interest or privity in con-
tract, conduct or estate, or conspiracy or concert of action
between them appears, and their interests appear to be antag-
onistic to each other. The demurrer was overruled, and
defendants excepted.

*J. W. Harris, F. A. Cantrell,* and *J. A. Glenn,* for plaintiffs in
error. *R. J. & J. McCamy* and *Jones, Martin & Jones,* contra.

Совв, J. Under the ruling made in the case of *Conley* v.
*Buck,* 100 *Ga.* 187 (1), the petition in the present case was not
demurrable as failing to set forth an equitable cause of action,
nor as being multifarious, nor because there was a misjoinder
of parties defendant.

The defendants in error, within twenty days after the bill
of exceptions was signed, filed a petition addressed to the judge
who signed the same, asking that the clerk be required to
send up with the record in the case an amendment filed by pe-
titioners which had been stricken on demurrer, and also ex-
ceptions pendente lite which had been filed by them complain-
ing of the ruling striking the amendment. The judge directed
the clerk to send up copies of these papers with the record in
the case. The only reference that is made in the bill of excep-
tions of the plaintiffs in error, or in the record brought up un-
der the specification of the plaintiffs in error, to the striking of
any amendment during the progress of the trial, is the order of
the court overruling the demurrer to the petition and granting
the injunction, which embodies also an order striking an
amendment of a given date, but without disclosing what the
amendment was. Counsel for defendants in error ask leave to
assign error in this court upon their exceptions pendente lite.

This can not be allowed. That part of the act of 1889 embodied in section 5536 of the Civil Code, which authorizes the defendant in error, upon application to the judge, to have parts of the record other than those specified in the bill of exceptions of the plaintiff in error transmitted to this court, does not authorize the bringing to this court of any record for the purpose of allowing the defendant in error to make an assignment of error here. The sole purpose of that provision in the act referred to was to permit the defendant in error, by this application to the judge, to bring to this court such parts of the record as had been omitted by the plaintiff in error and which the applicant thought necessary to a proper determination of the errors complained of by the plaintiff in error. It was never contemplated that this provision of the law should be used as a substitute for a cross-bill of exceptions by the defendant in error. Such would be the effect of allowing the defendant in error to assign error in this court upon exceptions pendente lite brought up under an order of the judge, granted upon his application, requiring the clerk to send them up with the record. Where the plaintiff in error specifies and has brought to this court a bill of exceptions pendente lite, filed in the court below by his adversary, the defendant in error will be allowed to assign error on such exceptions in this court, but he can not bring to this court exceptions pendente lite in any other way than by a cross-bill of exceptions duly tendered to the judge. While we know of no distinct ruling having been made to the effect that the defendant in error might assign error on exceptions pendente lite filed by him in the court below and brought to this court under a specification in the bill of exceptions of the plaintiff in error, the record in the case of *National Bank* v. *Demere*, 92 *Ga.* 735, shows that this was allowed in that case.

*Judgment affirmed. All the Justices concurring.*